**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARY L. CRAWFORD,                     )          CASE NO. ED CV 06-00639 (RZ)
                                      )
                    Plaintiff,        )
                                      )          MEMORANDUM OPINION
          vs.                         )          AND ORDER
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security Administration,    )
                                      )
                    Defendant.        )
_____ )

          The second of Plaintiff's three arguments for reversal of the underlying step-five denial of disability benefits enjoys support from a recent Ninth Circuit decision. Accordingly, the Court will reverse and remand.

          Plaintiff's first argument is that the Administrative Law Judge failed to develop the record properly. At the administrative hearing, Plaintiff identified two doctors, Ayodele and Piersoen, as treating physicians and stated that they had additional, recent medical records documenting her condition. The Administrative Law Judge undertook, at the hearing, to attempt to get those records, and obtained contact information from Plaintiff, including mailing addresses, although the judge declined to collect phone numbers. *See* Administrative Record ("AR") 442-44. He did attempt to get such records, repeatedly. Ten days after the hearing, he signed an authorization requesting the records from both physicians. AR 191. Three months later, the analyst assigned the task of

seeking the records, one Ilpont, issued a Report Of Contact noting, "Repeated efforts to obtain records from Dr. Pierson [*sic*] have been unsuccessful. I have no phone number for Dr. Ayddle [*sic*] and two requests by mail to him have been unsuccessful." AR 192. Plaintiff does not contest the substance of the Report, including its indication of at least two efforts to obtain records from both doctors; rather, she faults the Administrative Law Judge's efforts because they were unfruitful. Her complaint is unpersuasive, however, for two independent reasons. First, the administration's efforts sufficed under the terms of the governing regulations, whereby "every reasonable effort" at record-collecting is defined as making a first request for records, followed by a second if necessary. *See* 20 C.F.R. § 416.912(d)(1). Second, although the above misspellings of the doctors' names as stated by the analyst (at AR 192) are somewhat troubling, Plaintiff never has presented any "missing" records herself in the several years since the hearing, either by an appropriate motion to augment or reopen at the administrative level or in the course of this action, in which she is represented by counsel. Accordingly, there is no showing that any such records even exist or that any possible record-development error harmed Plaintiff.

Plaintiff's second argument for reversal is more persuasive. She asserts that the Administrative Law Judge gave short shrift to a questionnaire submitted by Plaintiff's friend, Mildred Bertrand. *See* AR 266-71. An Administrative Law Judge is not required to mention every item in a claimant's record; a failure to address some items is not tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such testimony can supply useful information about how a claimant's alleged impairments affect his ability to engage in gainful employment, *see* 20 C.F.R. § 404.1513(d)(4), however, and the Administrative Law Judge thus may reject such testimony only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Among other things, Ms. Bertrand indicated that Plaintiff requires a cane and back brace in order to venture outdoors; requires assistance of family and friends to shop and do even the few light chores that she performs; and suffers sudden lapses of memory

and temper.  *See* AR 267, 270.  (The Administrative Law Judge did briefly mention Ms. Bertrand's input, but only in passing and somewhat selectively, including the fact that Plaintiff shopped and did light dusting but omitting Ms. Bertrand's prefatory comments that Plaintiff did so only with help and required a brace and cane to go outside.  *See* AR 28.)  Defendant does not contest that Ms. Bertrand's questionnaire stands at odds with the underlying opinion or that the Administrative Law Judge failed to explain why he implicitly rejected the more favorable-to-Plaintiff portions of the questionnaire.  Instead, Defendant suggests some reasons why rejection of the questionnaire was proper: it conflicted with the medical examiners' reports; it was presented by a friend of the Plaintiff who saw her infrequently, etc.  These may be entirely sound reasons for discounting Ms. Bertrand's input.

But a recent Ninth Circuit decision forecloses the possibility of such a harmless-error ruling here.  In *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006), the Court of Appeals held that "a reviewing court cannot consider the error [in failing to explain the rejection of lay testimony] harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [undiscussed lay] testimony, could have reached a different disability determination."  *Id.* at 1056.  "Fully crediting" Ms. Bertrand's testimony effectively would require discrediting the contrary testimony of the doctors upon whose views the Administrative Law Judge based his view that Plaintiff was considerable more hale than Ms. Bertrand described her.  *Stout* requires a remand.

The Court expresses no view on Plaintiff's third and final argument, namely that the Administrative Law Judge erred in posing an incomplete hypothetical question to the vocational expert.  (Nor does the Court express a view on Defendant's rejoinder that any such error was harmless because the findings support a *step-four* denial, making any step-five testimony by the vocational expert unnecessary – and any error therein harmless.)  On remand, however, Defendant may wish to take that argument into consideration.

///

///

1           For the foregoing reasons, the decision of the Commissioner is reversed and

2    remanded for further proceedings consistent with this Opinion.

3

4           DATED:   July 18, 2007

5

6

7    _____

8    RALPH ZAREFSKY
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28